UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

Roland Larson

      v.                                        Case No. 07-cv-384-SM

United States of America

### ORDER

Petitioner, Roland Larson, seeks to challenge the validity of his conviction and sentence on a number of grounds, including claims that his guilty pleas were coerced by his defense counsel; his guilty pleas were improvidently entered; and that he was not competent at the time he entered his pleas.

Petitioner pled guilty to and was convicted of kidnapping (18 U.S.C. Section 1201(a)(1)) and interstate domestic violence (18 U.S.C. Section 2261(a)(1)). Concurrent sentences of 120 months imprisonment were imposed on each count. Judgment was entered on October 9, 2002. No appeal was taken.

Petitioner seems to recognize that his claims directly challenge the legality of his conviction and sentence, rather than the execution of that sentence (e.g. the conditions of his confinement). Accordingly, although he labels his petition for habeas corpus relief as one filed pursuant to 28 U.S.C. Section 2241, it is, in reality, one seeking relief afforded under 28 U.S.C.

Section 2255. But, to the extent petitioner may disagree with the court's construction, and may insist that he is properly challenging the execution of his criminal sentence under Section 2241, then, at best, he has filed his petition in the wrong court. A Section 2241 petition must be filed in the district court with jurisdiction over the prisoner's custodian, which in this case appears to be the District of Massachusetts. See United States v. DiRusso, 535 F.2d 673 (1st Cir. 1976); United States v. Barrett, 178 F.3d 34 (1st Cir. 1999).

As a Section 2255 petition, the pleading is correctly filed in this, the sentencing court. But, it is untimely. A 1-year period of limitation applies to a petition seeking relief under Section 2255, i.e. one challenging the legality of a federal conviction or sentence. For purposes of this case, that period began to run from "the date on which judgment of conviction becomes final." 28 U.S.C. Section 2255 Para. 6(1). (Petitioner does not suggest any bases upon which the petition could be timely under other provisions of Section 2255, and seems to tacitly acknowledge, by filing it as a Section 2241 petition, that it is plainly untimely under Section 2255.) Petitioner's conviction became final on October 24, 2002, when the time in which an appeal could have been filed expired. This petition, then, is more than five years too late, and, for that reason, is dismissed.

SO ORDERED.

January 4, 2008

/s/ Steven J. McAuliffe
Steven J. McAuliffe
Chief Judge

cc:     Roland Larson, pro se